UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1102

WILLIAM A. WHITE,

Plaintiff - Appellant,

versus

VICTORIA B. HAINES; DEBRA E. MCGHEE; ALPHONSO
JACKSON, Secretary of the Department of
Housing and Urban Development,

Defendants - Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke. James C. Turk, Senior District
Judge. (7:05-cv-00020-jct)

Submitted: June 28, 2006                    Decided: July 17, 2006

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John H. Kennett, Jr., Roanoke, Virginia, for Appellant. John L.
Brownlee, United States Attorney, Julie C. Dudley, Assistant United
States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

William A. White appeals the district court's order dismissing his complaint filed pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), for failure to state a claim upon which relief may be granted. We have reviewed the record and find no reversible error.

White filed a civil complaint against Defendants, officers of the Housing and Urban Development ("HUD") agency, alleging that they retaliated against him and violated his First Amendment right to free speech by investigating whether, as a landlord, his rental practices discriminated against African-Americans. In his appellate brief, White has not challenged the district court's decisions that he must exhaust his administrative remedies before suing Defendants in their official capacities under the Federal Tort Claims Act, and that Defendants are entitled to qualified immunity from suit in their individual capacities. Challenges to these aspects of the district court's decision are accordingly deemed abandoned. <u>United States v. Al-Hamdi</u>, 356 F.3d 564, 571 n.8 (4th Cir. 2004) ("It is a well settled rule that contentions not raised in the argument section of the brief are abandoned").

Of the two issues White raises in his appellate brief, the issue of whether he was denied due process was not raised in the district court. We will not consider claims raised for the

first time on appeal absent exceptional circumstances. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). Because White does not present exceptional circumstances meriting review of his due process argument on appeal, we do not consider the merits of this claim.

The remaining issue is whether HUD's Office of Fair Housing and Equal Opportunity had the authority to investigate his rental practices as a landlord, or whether HUD investigated his rental practices without an "aggrieved party." White stated in his complaint that one of his former tenants lodged a complaint regarding his rental practices with the Roanoke Branch of the National Association for the Advancement of Colored People (NAACP). The NAACP in turn made a complaint to HUD. We conclude that the Roanoke Chapter of the NAACP was a proper "aggrieved party" whose complaint HUD had a statutory duty to investigate. See Havens Realty Corp v. Coleman, 455 U.S. 363 (1982); 42 U.S.C. § 3610(a)(1)(B)(iv) (2000). Accordingly, we reject White's argument that HUD lacked the authority to commence an investigation into his rental practices.

We therefore affirm for the reasons stated by the district court. White v. Haines, No. 7:05-cv-00020-jct (W.D. Va. Dec. 19, 2005). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED